IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BOOSALIS OPTIONS, LP,

    Plaintiff,

  v.

FARNBACHER LOLES MOTORSPORTS, LLC; FARNBACHER LOLES RACING,

    Defendants.

No. C 09-80316 WHA

**ORDER DENYING APPLICATION FOR ENTRY OF CONFESSION OF JUDGMENT**

### INTRODUCTION

Plaintiff has filed a miscellaneous action entitled "Application for Entry of Judgment Pursuant to Confession." This application requests that the Court enter judgment without a complaint, summons, or other process. For the following reasons, plaintiff's application is **DENIED**.

### STATEMENT

On December 10, 2009, plaintiff filed an "Application for Entry of Judgment Pursuant to Confession" as a miscellaneous action. Appended thereto was a submission entitled "Confession of Judgment." Plaintiff did not file a complaint, which would have required a payment of $350 as the standard civil case filing fee. Rather, as stated, plaintiff filed this application as a miscellaneous action, which only required payment of a $39 filing fee. No summons was issued or even sought. No service of a complaint or summons was made on defendants. Rather,

applicant was and is attempting to skip over all the usual safeguards of a lawsuit and go straight to a victorious judgment. This matter is totally one-sided with only one party before the Court.

On December 17, 2009, the undersigned issued an order scheduling a hearing and requesting supplemental briefing to justify the unusual procedure. The order required plaintiff to serve via personal service a copy of the order and all previously filed documents on defendants by December 30, 2009. Plaintiff was also required to file proof of such service by the same deadline, which was done. On January 7, 2010, plaintiff also filed proof of service upon defendants of plaintiff's supplemental briefing and supporting declarations. Although plaintiff did file the proof of service of these documents requested by the Court, this is not a substitute for the complaint and summons required by the Federal Rules of Civil Procedure. A hearing was held on January 21. Only plaintiff's counsel appeared. Evidently, the alleged signatory of the confession of judgment, Greg Loles, is in jail somewhere.

**ANALYSIS**

A confession of judgment is an "ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing." *D.H. Overmyer Co., Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 176 (1972). This "ancient legal device" harkens back to an era when creditors and banks ruled the roost and the rest of America had to go to them, hat in hand, to finance the necessities of life. At least in the first half of the last century, use of such devices was common in many state courts. The Federal Rules of Civil Procedure, however, make no reference to such a device.

The proposed procedure will not be allowed in this case for the following reasons.

**1.    IMPROPER PROCEDURE**

The first reason why the application will not be granted is that confessions of judgment are not authorized by the Federal Rules. All civil actions are commenced by filing a complaint under FRCP 3. A summons must be issued and served with a copy of the complaint under FRCP 4. Plaintiff failed to follow this required procedure. This miscellaneous action was filed without a complaint, summons, or service. Plaintiff is trying to skip over the procedure required by the Federal Rules to go straight to an unopposed victory. The Federal Rules do not authorize such a

2

procedure. FRCP 54 through FRCP 58 prescribe various avenues for entering judgment, none of which contemplate a confession of judgment.

The proper procedure in this case would have been for plaintiff to file a complaint to enforce the settlement agreement. Then plaintiff should have served the complaint with a summons on defendants. If they were to appear, they would have to explain why the settlement agreement should not be enforced. If there were no valid reason, the settlement would presumably be enforced.

When a judgment is entered in another district, it is true that a miscellaneous action may be opened in a different federal district. This, however, is not such a case, for no judgment has been entered in any other district. If it is true that our clerk's office gave advice to applicant's counsel to file a miscellaneous action, then that advice was erroneous. Counsel should have done their own research on the matter rather than rely on advice from a clerk unfamiliar with archaic legal forms like a confession of judgment.

Plaintiff cites to *Arrow Electronics, Inc. v. Pycon, Inc.,* No. C 07-02770 RS, 2007 WL 2221074 (N.D. Cal. Aug. 2, 2007), as authority to enter the confession of judgment in federal court. The *Arrow* decision is distinguishable. The plaintiff in *Arrow* at least filed the application as a civil complaint (*See* Dkt. for No. C 07-02770), while plaintiff here filed the action without any formal complaint, summons, or service. Since the plaintiff in *Arrow* at least complied with FRCP 3 and plaintiff here did not, the *Arrow* decision does not apply to the instant case.

In its supplemental briefing (Br. 3), plaintiff paraphrases the holding in *Retail Clerks Union Join Pension Trust v. Freedom Food Ctr., Inc.*, 938 F.2d 136, 137 (9th Cir. 1991), as a decision where "the Ninth Circuit determined that the entry of a confessed judgment is a matter of procedure governed by federal rules." The actual quote from the *Retail Clerks* decision stated: "[t]his is a judgment in a case based on federal law, however, and federal law controls with respect to both substance and procedure." *Ibid.* In the *Retail Clerks* decision, the complaint was an ERISA action, brought under its subject-matter jurisdiction. Since the decision was controlled by federal statute, the federal law "controls with respect to both substance and procedure." This

3

is different from the instant case, where jurisdiction is rooted in diversity and the contract is not controlled by federal law.

Similarly, counsel describes the holding in *Bowles v. J.J. Schmitt & Co.*, 170 F.2d 617 (2d Cir. 1948), as follows: "although judgment did not comply with state statutory requirements, whether entry of judgment is proper is a matter of procedure in which federal rules govern" (Br. 3). *Bowles*, like *Retail Clerks*, was an action *based on a federal statute* and rooted in federal-question subject-matter jurisdiction. The entry of confession of judgment was governed by federal law, because the action itself was governed by federal law. *Id*. at 620.

Plaintiff states (Br. 3) that the court in *Retail Clerks* relied on a Second Circuit diversity action finding that "the *entry* of a confessed judgment 'is a matter of procedure where the federal rules govern' for purposes of *Erie . . .*". *Alland v. Credit Consumers Credit Corp.* 476 F.2d 951,954 (2d Cir. 1973). Counsel ends his quotation at this point. The sentence, however, continued as follows: "questions regarding the interpretation to be given language in the confession of judgment are governed, as are other written agreements, by substantive state law." *Id*. at 955. *Alland*, unlike the other cases cited by plaintiff, was a diversity action and thus factually closer to the instant case. Therefore, the *Alland* rule that federal courts must apply the applicable state law applies in this case.

In all of the above decisions cited by counsel, the parties attempting to enter the confession of judgment had, unlike our instant plaintiff, *filed a valid civil complaint* in compliance with the Federal Rules of Civil Procedure.

It is true that, out of caution, this Court directed that notice be given to our defendants so that they could be heard and evidently notice was given. That direction was given on the fly and out of caution due to the bizarre procedure being sought by applicant. It was not a concession to the legitimacy of the procedure. After research and due consideration, this order must reject the one-sided maneuver being attempted here.

2. **STATE LAW**

The second reason why the confession of judgment will not be entered is that under Florida law, it is substantively illegal. Since plaintiff brought this action to federal court as a

4

diversity action, it is important to determine the choice of law for interpreting the confession of judgment. "The law applicable to a cognovit clause is generally determined in the same way as the law applicable to an ordinary contract." DEBTOR-CREDITOR LAW, § 26.03, *Regulation of Confession of Judgment* (Matthew Bender 2009). Thus, when a confession of judgment was signed by a defendant in Arkansas, for example, that was the state of execution and Arkansas law would therefore control in interpreting the judgment. *Ibid*. Here, the confession of judgment was executed and signed by defendants in Miami. According to the above choice-of-law rules, Florida law would govern an interpretation of the confession of judgment. *Florida has a complete statutory prohibition of any agreement to confess judgment. Ibid*; FLA. STAT. ANN. § 55.05 (2009). Accordingly, under Florida law this confession of judgment would be null and void and thus unenforceable in any court. The Court is disappointed that counsel failed to bring this point to its attention and that it had to be discovered through its own additional research. This illustrates why it is well to have both sides present.

Even in the unlikely circumstance that California or Connecticut law were to apply, the confession of judgment would likely still be interpreted as facially invalid. California law requires a certificate to be filed which has been signed by an attorney independently representing the defendant. The certificate must state: "that the attorney has examined the proposed judgment and has advised the defendant with respect to the waiver of rights and defenses under the confession of judgment procedure and has advised the defendant to utilize the confession of judgment procedure." CAL. CIV. PROC. CODE § 1132 (2010). This requirement would not be met, since there is no indication that defendants had legal representation when they signed the settlement agreement or the confession of judgment.

Although Connecticut law does not have any express provision authorizing a confession of judgment, courts have held that "there is no bar under Connecticut law, where the debtor understands the legal effect of his commitment . . . and where the debtor is given reasonable notice of an opportunity to object to entry of and execution of the judgment." *Barclays American/Business Credit, Inc., v. Otterstrom*, 673 F.Supp 128, 135 (D.Del. 1987) (citing *D.H. Overmyer Co., Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 176 (1972)). There is no indication that

5

defendants indeed understand the legal effect of the judgment, nor is there any evidence that defendants were given reasonable notice and an opportunity to object.

### 3. DEFECTIVE FORM

The last reason why plaintiff's application must be rejected is that the tendered documentation itself is defective. The unserved defendants herein signed a settlement agreement in tandem with a confession of judgment, or so it is said by applicant. The confession of judgment includes multiple contingencies. Its paragraph 12 conditions a temporary restraining order, permanent injunction, and order in replevin "upon [defendants'] failure to deliver three (3) of the race cars to Plaintiff by the close of business Friday October 9, 2009 . . .". Paragraph 13 is also conditioned "upon [defendants'] failure to pay the $30,000.00 to Plaintiff by wire transfer to be wired prior to 11:00 A.M. Eastern time on October 9, 2009 . . .". The judgment in paragraph 14 will only occur "if for any reason whatsoever all six (6) vehicles described above are not in Plaintiff's possession by the close of business on Monday October 12, 2009, or Defendants have not made other arrangements satisfactory to Plaintiff regarding the six (6) race cars . . .". Plaintiff fails to prove whether these contingencies have been met, since the application for confession of judgment is not under oath and the plaintiff has failed to submit any sworn affidavits regarding the fulfillment of these contingencies. Without proof that any of these contingencies have been met, the Court could not accept the confession of judgment in any event.

Finally, the confession of judgment also contains a form defect. Under the section for "Verification of Farnbacher Loles *Motor Sport*, LLC," the confession of judgment identifies Greg Loles as a member of "Farnbacher *Loles Racing*" rather than "Farnbacher Loles *Motor Sport*." As a result, Greg Loles is twice designated as a member of Farnbacher Loles Racing and is never designated as a representative of Farnbacher Loles Motorsports. This form defect casts a pall over the entire document's legitimacy.

### CONCLUSION

The application for entry of judgment by confession is **DENIED** without prejudice to filing a proper civil action. This proper action will include a complaint, serving of the complaint, and summons on the proposed defendants in an appropriate way to enforce the settlement agreement.

If it is true that the alleged signatory of the confession of judgment, Greg Loles, is in jail, counsel must be mindful of any limitations on defaults against imprisoned defendants.  Of course, the plaintiff will have to pay the full $350 filing fee without any credit for the $39 already spent on this application.  **THE CLERK SHALL CLOSE THE FILE.**

**IT IS SO ORDERED.**

Dated:  January 22, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE