United States District Court

For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   BOOSALIS OPTIONS, LP,                          No. C 09-80316 WHA

11            Plaintiff,

12      v.                                          **ORDER DENYING
                                                    APPLICATION FOR ENTRY OF**
13   FARNBACHER LOLES MOTORSPORTS,                  **CONFESSION OF JUDGMENT**
     LLC; FARNBACHER LOLES RACING,
14

15            Defendants.
                                            /
16

17                              **INTRODUCTION**

18        Plaintiff has filed a miscellaneous action entitled "Application for Entry of Judgment

19   Pursuant to Confession." This application requests that the Court enter judgment without a

20   complaint, summons, or other process. For the following reasons, plaintiff's application is

21   **DENIED**.

22                               **STATEMENT**

23        On December 10, 2009, plaintiff filed an "Application for Entry of Judgment Pursuant to

24   Confession" as a miscellaneous action. Appended thereto was a submission entitled "Confession

25   of Judgment." Plaintiff did not file a complaint, which would have required a payment of $350 as

26   the standard civil case filing fee. Rather, as stated, plaintiff filed this application as a

27   miscellaneous action, which only required payment of a $39 filing fee. No summons was issued

28   or even sought. No service of a complaint or summons was made on defendants. Rather,

**United States District Court**
For the Northern District of California

1  applicant was and is attempting to skip over all the usual safeguards of a lawsuit and go straight

2  to a victorious judgment.  This matter is totally one-sided with only one party before the Court.

3        On December 17, 2009, the undersigned issued an order scheduling a hearing and

4  requesting supplemental briefing to justify the unusual procedure.  The order required plaintiff to

5  serve via personal service a copy of the order and all previously filed documents on defendants by

6  December 30, 2009.  Plaintiff was also required to file proof of such service by the same deadline,

7  which was done.  On January 7, 2010, plaintiff also filed proof of service upon defendants of

8  plaintiff's supplemental briefing and supporting declarations.  Although plaintiff did file the proof

9  of service of these documents requested by the Court, this is not a substitute for the complaint and

10  summons required by the Federal Rules of Civil Procedure.  A hearing was held on January 21.

11  Only plaintiff's counsel appeared.  Evidently, the alleged signatory of the confession of judgment,

12  Greg Loles, is in jail somewhere.

13  **ANALYSIS**

14        A confession of judgment is an "ancient legal device by which the debtor consents in

15  advance to the holder's obtaining a judgment without notice or hearing." *D.H. Overmyer Co.,*

16  *Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 176 (1972).  This "ancient legal device" harkens back to

17  an era when creditors and banks ruled the roost and the rest of America had to go to them, hat in

18  hand, to finance the necessities of life.  At least in the first half of the last century, use of such

19  devices was common in many state courts.  The Federal Rules of Civil Procedure, however, make

20  no reference to such a device.

21        The proposed procedure will not be allowed in this case for the following reasons.

22  **1.    IMPROPER PROCEDURE**

23        The first reason why the application will not be granted is that confessions of judgment

24  are not authorized by the Federal Rules.  All civil actions are commenced by filing a complaint

25  under FRCP 3.  A summons must be issued and served with a copy of the complaint under FRCP

26  4.  Plaintiff failed to follow this required procedure.  This miscellaneous action was filed without

27  a complaint, summons, or service.  Plaintiff is trying to skip over the procedure required by the

28  Federal Rules to go straight to an unopposed victory.  The Federal Rules do not authorize such a

2

1   procedure.  FRCP 54 through FRCP 58 prescribe various avenues for entering judgment, none of

2   which contemplate a confession of judgment.

3        The proper procedure in this case would have been for plaintiff to file a complaint to

4   enforce the settlement agreement.  Then plaintiff should have served the complaint with a

5   summons on defendants.  If they were to appear, they would have to explain why the settlement

6   agreement should not be enforced.  If there were no valid reason, the settlement would

7   presumably be enforced.

8        When a judgment is entered in another district, it is true that a miscellaneous action may

9   be opened in a different federal district.  This, however, is not such a case, for no judgment has

10  been entered in any other district.  If it is true that our clerk's office gave advice to applicant's

11  counsel to file a miscellaneous action, then that advice was erroneous.   Counsel should have done

12  their own research on the matter rather than rely on advice from a clerk unfamiliar with archaic

13  legal forms like a confession of judgment.

14       Plaintiff cites to *Arrow Electronics, Inc. v. Pycon, Inc.,* No. C 07-02770 RS, 2007 WL

15  2221074 (N.D. Cal. Aug. 2, 2007), as authority to enter the confession of judgment in federal

16  court.  The *Arrow* decision is distinguishable.  The plaintiff in *Arrow* at least filed the application

17  as a civil complaint (*See* Dkt. for No. C 07-02770), while plaintiff here filed the action without

18  any formal complaint, summons, or service.  Since the plaintiff in *Arrow* at least complied with

19  FRCP 3 and plaintiff here did not, the *Arrow* decision does not apply to the instant case.

20       In its supplemental briefing (Br. 3), plaintiff paraphrases the holding in *Retail Clerks*

21  *Union Join Pension Trust v. Freedom Food Ctr., Inc.*, 938 F.2d 136, 137 (9th Cir. 1991), as a

22  decision where "the Ninth Circuit determined that the entry of a confessed judgment is a matter of

23  procedure governed by federal rules."  The actual quote from the *Retail Clerks* decision stated:

24  "[t]his is a judgment in a case based on federal law, however, and federal law controls with

25  respect to both substance and procedure."  *Ibid.*  In the *Retail Clerks* decision, the complaint was

26  an ERISA action, brought under its subject-matter jurisdiction.  Since the decision was controlled

27  by federal statute, the federal law "controls with respect to both substance and procedure."  This

28

United States District Court
For the Northern District of California

1  is different from the instant case, where jurisdiction is rooted in diversity and the contract is not

2  controlled by federal law.

3      Similarly, counsel describes the holding in *Bowles v. J.J. Schmitt & Co.*, 170 F.2d 617 (2d

4  Cir. 1948), as follows:  "although judgment did not comply with state statutory requirements,

5  whether entry of judgment is proper is a matter of procedure in which federal rules govern" (Br.

6  3).  *Bowles*, like *Retail Clerks*, was an action *based on a federal statute* and rooted in federal-

7  question subject-matter jurisdiction.  The entry of confession of judgment was governed by

8  federal law, because the action itself was governed by federal law.  *Id*. at 620.

9      Plaintiff states (Br. 3) that the court in *Retail Clerks* relied on a Second Circuit diversity

10  action finding that "the *entry* of a confessed judgment 'is a matter of procedure where the federal

11  rules govern' for purposes of *Erie . . .*".  *Alland v. Credit Consumers Credit Corp.* 476 F.2d

12  951,954 (2d Cir. 1973).  Counsel ends his quotation at this point.  The sentence, however,

13  continued as follows: "questions regarding the interpretation to be given language in the

14  confession of judgment are governed, as are other written agreements, by substantive state law."

15  *Id*. at 955.  *Alland*, unlike the other cases cited by plaintiff,  was a diversity action and thus

16  factually closer to the instant case.  Therefore, the *Alland* rule that federal courts must apply the

17  applicable state law applies in this case.

18      In all of the above decisions cited by counsel, the parties attempting to enter the

19  confession of judgment had, unlike our instant plaintiff, *filed a valid civil complaint* in

20  compliance with the Federal Rules of Civil Procedure.

21      It is true that, out of caution, this Court directed that notice be given to our defendants so

22  that they could be heard and evidently notice was given.  That direction was given on the fly and

23  out of caution due to the bizarre procedure being sought by applicant.  It was not a concession to

24  the legitimacy of the procedure.  After research and due consideration, this order must reject the

25  one-sided maneuver being attempted here.

26      **2.      STATE LAW**

27      The second reason why the confession of judgment will not be entered is that under

28  Florida law, it is substantively illegal.  Since plaintiff brought this action to federal court as a

4

United States District Court

For the Northern District of California

1    diversity action, it is important to determine the choice of law for interpreting the confession of

2    judgment.  "The law applicable to a cognovit clause is generally determined in the same way as

3    the law applicable to an ordinary contract."  DEBTOR-CREDITOR LAW, § 26.03, *Regulation of*

4    *Confession of Judgment* (Matthew Bender 2009).  Thus, when a confession of judgment was

5    signed by a defendant in Arkansas, for example, that was the state of execution and Arkansas law

6    would therefore control in interpreting the judgment.  *Ibid*.  Here, the confession of judgment was

7    executed and signed by defendants in Miami.  According to the above choice-of-law rules,

8    Florida law would govern an interpretation of the confession of judgment.  *Florida has a*

9    *complete statutory prohibition of any agreement to confess judgment.  Ibid*; FLA. STAT. ANN. §

10   55.05 (2009).  Accordingly, under Florida law this confession of judgment would be null and void

11   and thus unenforceable in any court.  The Court is disappointed that counsel failed to bring this

12   point to its attention and that it had to be discovered through its own additional research.  This

13   illustrates why it is well to have both sides present.

14           Even in the unlikely circumstance that California or Connecticut law were to apply, the

15   confession of judgment would likely still be interpreted as facially invalid.  California law

16   requires a certificate to be filed which has been signed by an attorney independently representing

17   the defendant.  The certificate must state: "that the attorney has examined the proposed judgment

18   and has advised the defendant with respect to the waiver of rights and defenses under the

19   confession of judgment procedure and has advised the defendant to utilize the confession of

20   judgment procedure."  CAL. CIV. PROC. CODE § 1132 (2010).  This requirement would not be met,

21   since there is no indication that defendants had legal representation when they signed the

22   settlement agreement or the confession of judgment.

23           Although Connecticut law does not have any express provision authorizing a confession

24   of judgment, courts have held that "there is no bar under Connecticut law, where the debtor

25   understands the legal effect of his commitment . . . and where the debtor is given reasonable

26   notice of an opportunity to object to entry of and execution of the judgment."  *Barclays*

27   *American/Business Credit, Inc., v. Otterstrom*, 673 F.Supp 128, 135 (D.Del. 1987) (citing *D.H.*

28   *Overmyer Co., Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 176 (1972)).  There is no indication that

1    defendants indeed understand the legal effect of the judgment, nor is there any evidence that

2    defendants were given reasonable notice and an opportunity to object.

3            **3.**      **DEFECTIVE FORM**

4           The last reason why plaintiff's application must be rejected is that the tendered

5    documentation itself is defective.  The unserved defendants herein signed a settlement agreement

6    in tandem with a confession of judgment, or so it is said by applicant.  The confession of

7    judgment includes multiple contingencies.  Its paragraph 12 conditions a temporary restraining

8    order, permanent injunction, and order in replevin "upon [defendants'] failure to deliver three (3)

9    of the race cars to Plaintiff by the close of business Friday October 9, 2009 . . .".  Paragraph 13 is

10   also conditioned "upon [defendants'] failure to pay the $30,000.00 to Plaintiff by wire transfer to

11   be wired prior to 11:00 A.M. Eastern time on October 9, 2009 . . .".  The judgment in paragraph

12   14 will only occur "if for any reason whatsoever all six (6) vehicles described above are not in

13   Plaintiff's possession by the close of business on Monday October 12, 2009, or Defendants have

14   not made other arrangements satisfactory to Plaintiff regarding the six (6) race cars . . .".

15   Plaintiff fails to prove whether these contingencies have been met, since the application for

16   confession of judgment is not under oath and the plaintiff has failed to submit any sworn

17   affidavits regarding the fulfillment of these contingencies.  Without proof that any of these

18   contingencies have been met, the Court could not accept the confession of judgment in any event.

19          Finally, the confession of judgment also contains a form defect.  Under the section for

20   "Verification of Farnbacher Loles *Motor Sport*, LLC," the confession of judgment identifies Greg

21   Loles as a member of "Farnbacher *Loles Racing*" rather than "Farnbacher Loles *Motor Sport*."

22   As a result, Greg Loles is twice designated as a member of Farnbacher Loles Racing and is never

23   designated as a representative of Farnbacher Loles Motorsports.  This form defect casts a pall

24   over the entire document's legitimacy.

25                                 **CONCLUSION**

26          The application for entry of judgment by confession is **DENIED** without prejudice to filing

27   a proper civil action.  This proper action will include a complaint, serving of the complaint, and

28   summons on the proposed defendants in an appropriate way to enforce the settlement agreement.

United States District Court
For the Northern District of California

1    If it is true that the alleged signatory of the confession of judgment, Greg Loles, is in jail, counsel

2    must be mindful of any limitations on defaults against imprisoned defendants.  Of course, the

3    plaintiff will have to pay the full $350 filing fee without any credit for the $39 already spent on

4    this application.  **THE CLERK SHALL CLOSE THE FILE.**

5

6         **IT IS SO ORDERED.**

7

8    Dated:  January 22, 2010.

                                                          WILLIAM ALSUP
9                                                         UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California